IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MOUNTAIN LAUREL ASSURANCE COMPANY                              PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:15-cv-33-DPJ-FKB

DAPHNE WILLIAMS, et al.                                        DEFENDANTS

## REPORT AND RECOMMENDATION

This diversity action is before the Court *sua sponte* for consideration of dismissal for lack of subject matter jurisdiction. The issue of subject matter jurisdiction was raised by the undersigned at the case management conference, and thereafter the parties were ordered to submit briefs on the issue. Having considered the arguments of the parties, the undersigned finds that the amount in controversy is less than the jurisdictional minimum required under 28 U.S.C. § 1332 and recommends that this case be dismissed for lack of subject matter jurisdiction.

This declaratory judgment action arises from an automobile insurance policy issued by Mountain Laurel Assurance Company (Mountain Laurel) to Defendant Daphne Williams. Jurisdiction is premised solely on 28 U.S.C. § 1332. On September 16, 2014 - nine days after the policy was issued - Defendant Williams reported a claim based on a purported hit-and-run automobile accident. Thereafter, Defendants Helewee Brown, Daniel Bolden, and Dave Thompson, all of whom were allegedly in the vehicle at the time of the accident, also asserted claims. All Defendants made claims for bodily injury under the uninsured motorist provisions of Williams's policy. Defendant Williams also asserted a

claim for property damage to her vehicle under the uninsured motorist provisions of her policy. In its complaint, Mountain Laurel seeks a declaration that Defendants are not entitled to benefits under the terms and conditions of the policy.

The relevant limits of the subject policy are as follows:

| | |
|---|---|
| Uninsured/Underinsured Bodily Injury: | $25,000 each person/$50,000 each accident |
| Uninsured/Underinsured Property Damage: | $25,000 each accident |
| Medical Payments: | $500 each person |

[12-1].

By separate letters, Defendants made the following claims for uninsured motorist bodily injury coverage benefits: Daphne Williams - the "each person" limit of $25,000.00; Helewee Brown - $20,000.00; Daniel Bolden - $15,000.00; and Dave Thompson - the "each person" limit of $25,000.00. *See* [12-6], [12-7], [12-8], and [12-9]. Each Defendant also claimed medical expenses in excess of the policy's medical payments coverage limit of $500.00. *See id.* Williams claims that the property damage to her vehicle "does not exceed $6,000.00." [14] at 2.

In a declaratory judgment action "involv[ing] the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim - not the face amount of the policy.'" *Hartford Ins. Grp. v. Lou-Con, Inc.,* 293 F.3d 908, 911 (5th Cir. 2002)(per curiam)(quoting 14B Charles Alan Wright et al., Federal Practice and Procedure § 3710 (3d ed. 1998)). And where multiple claimants have separate and distinct claims, as they do here, the values of their respective claims cannot be aggregated in order to meet the jurisdictional threshold under

2

28 U.S.C. § 1332. *Alfa Ins. Corp. v. Stedman*, Civil Action No. 2:14-cv138-DPJ-FKB, 2015 WL 3952938 (S.D. Miss. June 29, 2015)(finding that multiple claims for uninsured motorist coverage benefits could not be aggregated to meet "amount in controversy" requirement under 28 U.S.C. § 1332).

Applying these principles to the instant case, the undersigned notes that Defendant Williams has asserted the claim with the highest value. Specifically, Defendant Williams's claim is comprised of $25,000.00 under the uninsured motorist bodily injury coverage, $6,000.00 under the uninsured motorist property damage coverage, and $500.00 under the medical payments coverage, which totals $31,500.00.[1] Accordingly, the amount in controversy in this case does not exceed $75,000.00 as required under 28 U.S.C. § 1332, and the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.[2]

---

[1] In its memorandum, Mountain Laurel argues that the value of Williams's property damage claim is "undeveloped" and requests that the court hold the jurisdictional issue in abeyance to allow limited discovery on this issue. However, even if the value of Williams's property damage claim reached or exceeded the uninsured motorist property damage coverage limit of $25,000.00, it would only raise the total value of Williams's claim under the policy to $50,500.00.

[2] Mountain Laurel argues in its memorandum that the values of Defendants' claims should be aggregated to meet the jurisdictional requirement. For the reasons stated above, that argument is not well taken. In the alternative, Mountain Laurel requests in its memorandum that this case be consolidated with *Progressive Gulf Insurance Company and Mountain Laurel Assurance Company v. Oscar Perkins,* Civil Action No. 3:14-cv-690-DPJ-LRA, asserting that the cases are "related" and that jurisdiction in that case has been "established." [12] at 7. The undersigned finds that Mountain Laurel's request to consolidate these cases is not before the court, since Mountain Laurel has not filed a motion to consolidate. *See* L.U.Civ.R. 7(b) ("Any written communication with the court that is intended to be an application for relief . . . must be presented by a motion . . . .")

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within 14 days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of December, 2015.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE